MORGAN, LEWIS & BOCKIUS LLP
Jason S. Mills, Bar No. 225126
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501
jason.mills@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Miranda M. Rowley, Bar No. 328173
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
miranda.rowley@morganlewis.com

Attorneys for Defendants
CALIBER HOLDINGS LLC and CALIBER
BODYWORKS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KUYUMJIAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CALIBER HOLDINGS CORPORATION, a Delaware corporation, CALIBER BODYWORKS, LLC, a California Limited Liability Company, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332(a), 1441 and 1446 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 43867911.2

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Caliber Holdings LLC f/k/a Caliber Holdings Corporation ("Caliber") and Caliber Bodyworks LLC ("CB")[1] (collectively "Defendants"), remove the above-entitled action from the Superior Court of California in and for the County of Los Angeles to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) over the lawsuit Plaintiff Craig Kuyumjian ("Plaintiff") filed because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is appropriate based on the following grounds.

**I.    PLEADINGS, PROCESS AND ORDERS**

1.    On or about July 12, 2022, Plaintiff filed an unverified Complaint in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Craig Kuyumjian v. Caliber Holdings Corporation et al.*, Case No. 22STCV22506 (the "Complaint").

2.    Plaintiff's Complaint alleges eight causes of action against Defendants: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Provide Reasonable Accommodation in Violation of FEHA; (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Retaliation and/or Harassment in Violation of FEHA; (6) CFRA Rights Retaliation; (7) Wrongful Termination in Violation of Public Policy; and (8)

---

[1] Plaintiff erroneously asserts that "Caliber Bodyworks, [*sic*] LLC" was Plaintiff's employer. Caliber Bodyworks LLC was not Plaintiff's employer, and thus, is not a proper party defendant in this action. Indeed, Caliber Bodyworks LLC does not employ and did not employ anyone, including Plaintiff. Lawrence Decl. ¶ 9; Young Decl. ¶ 5. Instead, Plaintiff was employed only by Defendant Caliber Holdings LLC f/k/a Caliber Holdings Corporation ("Caliber"). Young Decl. ¶¶ 3, 5. Thus, Caliber is the only proper party defendant in this case. *See infra*, Sections III.B.4. and III.B.5.

Failure to Provide Timely Rest and Meal Breaks.

3.     On July 14, 2022, counsel for Plaintiff served the Summons and Complaint on Defendants' agent for service.   True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as **Exhibit A**.  On August 11, 2022, Defendants filed an Answer to Plaintiff's Complaint in the Los Angeles County Superior Court.  A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

4.     **Exhibits A through B** constitute all the pleadings, process, and orders served upon or by Defendants, or filed, in the superior court action.

## II.     THE REMOVAL IS TIMELY

5.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed and served within thirty (30) days of July 14, 2022, the date of Defendants' receipt of Plaintiff's Complaint.  Thirty (30) days from July 14, 2022, is August 13, 2022 – a Saturday.  Since the removal deadline falls on a Saturday, Defendants have until the following court day, *i.e.*, August 15, 2022, to file their Removal.  *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day for an act falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").  Because this Removal is filed on or by August 15, 2022, it is timely.

6.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

### A.     This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

7.     This action is a civil action over which the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction), and is one that Defendants may remove pursuant to 28 U.S.C. § 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs; the action involves citizens of different states; and no properly joined defendant is a citizen of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

California.[2]  As explained below, Defendant CB is a "sham" defendant, and although it is not a citizen of California and would therefore not affect complete diversity, its citizenship may nevertheless be disregarded for purposes of establishing diversity jurisdiction.

**B.    Complete Diversity of Citizenship Exists.**

8.    A case may be heard in federal court under diversity jurisdiction if there is complete diversity of citizenship, *i.e.*, all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen.   28 U.S.C. § 1441(a)-(b).   The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes.  *McCabe v. Gen. Food Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987); *Briseno v. Mitsubishi Caterpillar Forklift Am., Inc.*, 2018 WL 6303737, at *4 (S.D. Cal. Dec. 3, 2018) ("Where a non-diverse defendant has been fraudulently joined to otherwise diverse parties, the non-diverse defendant's citizenship is disregarded for diversity jurisdiction purposes.").

9.    Here, all requirements are met because Plaintiff is a citizen of California, while Caliber and CB are citizens of Delaware and Texas – not of California, and moreover, the improperly and fraudulently joined Defendant CB may be disregarded for citizenship purposes.

**1.    Plaintiff is a Citizen of California.**

10.    Plaintiff is, and was at the time he filed the Complaint, a citizen of the

---

[2] This Notice of Removal discusses the nature and amount of damages that Plaintiff's Complaint puts at issue.  Caliber's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum. Caliber maintains that each of Plaintiff's claims lacks merit and that it is not liable to Plaintiff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

State of California.  "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265, F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit was filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019.

11.     Continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  At all times relevant to this action, Plaintiff was a resident of the County of Los Angeles, California.  *See* Compl. ¶ 1.  Plaintiff is a former employee of Caliber and worked for Caliber in Burbank, California until the end of his employment with Caliber.  Declaration of Sharon Young ("Young Decl.") ¶ 3.  During his employment with Caliber, Plaintiff provided Caliber with a home address in California, and his last known address at the time of his employment termination was within the state of California.  *Id*. ¶ 4.  Plaintiff does not allege that he was a citizen of any state other than California, and there is no indication that Plaintiff is or was a citizen of a state other than California at any time relevant to the Complaint.  *See* Compl., ¶ 1.  On information and belief, Plaintiff intends to remain indefinitely in California.  Thus, Plaintiff was and is domiciled in the State of California and, therefore, is a citizen of California for purposes of diversity jurisdiction in this matter.

**2.     Defendant Caliber is a Citizen of Texas and Delaware.**

12.     For diversity purposes under 28 U.S.C. section 1332(a), a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Colombia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  As of December 31, 2020, Defendant Caliber Holdings Corporation converted to

Caliber Holdings LLC, a limited liability company and a wholly owned subsidiary of CH Hold LLC.  Declaration of Sharon Lawrence ("Lawrence Decl.") ¶ 4.  The sole member or Caliber Holdings LLC is CH Hold LLC.  *Id.* CH Hold LLC is a limited liability company and a wholly owned subsidiary of Wand Caliber Holdings LLC.  *Id.* ¶ 5.  The sole member of CH Hold LLC is Wand Caliber Holdings LLC.  *Id.*  Wand Caliber Holdings LLC is a limited liability company and a wholly owned subsidiary of Wand Newco 3, Inc.  *Id.* ¶ 6.  The sole member of Wand Caliber Holdings LLC is Wand Newco 3, Inc.  *Id.*  Wand Newco 3, Inc. is, and was at the time of the institution of this civil action, a corporation formed under the laws of the State of Delaware with its headquarters and principal place of business in the State of Texas.  *Id.* ¶ 7.

13.    For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

14.    In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the Supreme Court held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (i.e., the "nerve center" of the business).  *Id.* at 92-93.  The Court further described the principal place of business as "the place where the corporation maintains its headquarters."  *Id.* at 93.  Wand Newco 3, Inc.'s principal place of business is in Texas because, under *Friend*, 559 U.S. at 93, its "nerve center" is located in the State of Texas.  Lawrence Decl. ¶¶ 7-8.  Wand Newco 3, Inc.'s corporate headquarters are located at 2941 Lake Vista Drive, Lewisville, Texas 75067, and its corporate books and records are located there.  *Id.* ¶ 8.  Furthermore, Wand Newco 3, Inc.'s executive officers are based in the corporate offices in Texas and this is where the day-to-day control of the business is exercised.  *Id.*

15.    Therefore, Wand Newco 3, Inc. is a citizen of Delaware based on its

state of incorporation and a citizen of Texas under the "nerve center" test.

16.    Because Wand Newco 3, Inc. is a citizen of Delaware and Texas, Caliber shares the same states of citizenship.   Therefore, under *Johnson*, Caliber is also a citizen of both Delaware and Texas.  *See Johnson*, 437 F.3d at 899.

### 3.    CB Is a Citizen Of Texas and Delaware

17.    CB is a limited liability company and a wholly owned subsidiary of Caliber Holdings LLC.  Lawrence Decl. ¶ 3.   The sole member of CB is Caliber Holdings LLC.  *Id*.  As established above, Caliber Holdings LLC is a citizen of Texas and Delaware.  Therefore, under *Johnson*, CB is also a citizen of both Delaware and Texas.  *See Johnson*, 437 F.3d at 899.

### 4.    CB's Citizenship Is Disregarded for Removal Purposes Because It Is a "Sham" Defendant.

#### a.    *Fraudulent Joinder Standard*

18.    Even if Plaintiff could establish that CB was a citizen of California – which he cannot because CB is a citizen of Delaware and Texas – CB never employed Plaintiff and, thus, it is a sham defendant.   The issue in a fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (citations omitted).

19.    Additionally, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants." *Id.* at 1318.

20.    Courts have compared the fraudulent joinder standard to the standard for judging a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See, e.g.*, *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis").

1    Since *Twombly*, the 12(b)(6) standard requires that plaintiffs plead factual allegations
2    sufficient to "raise a right to relief beyond the speculative level." *Bell Atl. Corp. v.*
3    *Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the
4    'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and
5    a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff
6    must plead a "statement of circumstances, occurrences and events in support of the
7    claim presented." *Id.* at 555, n.3. The Supreme Court stressed that "courts 'are not
8    bound to accept as true a legal conclusion couched as a factual allegation'" and that
9    "[t]he pleading must contain something more . . . than . . . a statement of facts that
10   merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555
11   (citations omitted). Since federal pleading standards apply in federal court,
12   Plaintiff's Complaint here must be viewed through the lens of *Twombly* to determine
13   whether Plaintiff failed to state a claim against CB thus, fraudulently joined CB.

14          b.      *None of the Claims Plaintiff Has Asserted Against CB Are*
15                  *Viable as a Matter of Law.*

16          21.     To establish any of the causes of action in his Complaint against CB,
17   Plaintiff must show that an employment relationship existed between Plaintiff and
18   CB. Liability for FEHA claims for wrongful termination, retaliation, discrimination,
19   failure to accommodate, failure to engage in the interactive process, and failure to
20   prevent discrmination are limited to employers. *See Reno v. Baird*, 18 Cal. 4th 640,
21   644 (1998) (noting that "[t]he FEHA… prohibits only 'an employer' from engaging
22   in improper discrimination"); *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp.
23   966, 987 (N.D. Cal. 2016) (stating that claims under FEHA § 12940(m) may be
24   brought only by an employee against an "employer"); *Ball v. Los Rios Cmty. Coll.*
25   *Dist.*, 2007 WL 1791689, at * 2 (E.D. Cal. June 15, 2007) (noting that the plain
26   language of California Government Code sections 12940(m) (accommodation) and
27   12940(n) (interactive process) limit liability to "employer[s] or other entit[ies]"); Cal.
28   Gov't Code §§ 12940(a), 12940(k).

22.    "An 'employer' is one 'who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person.'" *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029 (9th Cir. 2019) (quoting Industrial Welfare Commission Wage Order No. 5-2001).   CB does not employ and did not employ anyone, including Plaintiff, because it is merely a leaseholder for a number of properties in California.   Lawrence Decl. ¶ 9; Young Decl. ¶ 5.   CB does not compensate any of Caliber's employees, is not involved in managing, supervising, or disciplining any of Caliber's employees, and did not establish any policies that were applicable to Caliber's non-exempt employees in California, including Plaintiff.   Lawrence Decl. ¶ 9.   As a result, CB was not and could not have been involved with Plaintiff's employment at all.   Accordingly, Plaintiff cannot state a claim against CB as a matter of law because it was not the employer and is not a proper party.   *See Barajas v. Carriage Cemetery Servs. of Cal., Inc.*, 2019 WL 2499711, at *4 (N.D. Cal. June 17, 2019) (finding alleged defendants were fraudulently joined in the plaintiff's wage-and-hour claims where defendants offered declarations that established "during the relevant period, [the co-defendants] have no employees (in California or elsewhere) and have not been involved in employment-related decisions"); *Thomas v. Aetna Health of Cal., Inc.*, 2011 WL 2173715, at *7-8 (E.D. Cal. June 2, 2011) (finding other-named corporation was improperly joined, despite conclusory assertion that it "employed Plaintiff," because defendants' declarations established that it never employed plaintiff).

### 5.    Doe Defendants are Irrelevant for Purposes of Removal.

23.    The Complaint also names as defendants "DOES 1 through 50, inclusive."   The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes.   28 U.S.C. § 1441(a); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Consequently, complete diversity of citizenship exists.

## C.    The Amount in Controversy Exceeds $75,000.

24.    Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs.   28 U.S.C. §1332(a).  Here, Plaintiff has placed more than $75,000 in controversy.

25.    A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).  The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 135 S.Ct. at 554.  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011); *see also Sanchez v. Monumental Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy).

26.    The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction.  *Banta v. Am. Med. Response Inc.*, 2011 WL 2837642, at *1 (C.D. Cal. July 15, 2011) ("Case law recognizes that, even where a pleading is indefinite on its face, a defendant may possess sufficient information allowing it to ascertain that the amount in controversy exceeds the jurisdiction minimum, may remove the action to federal court on that basis, and, if challenged, may present evidence to prove up the existence of removal jurisdiction.").

27.    While Defendants deny any and all liability to Plaintiff, Defendants have a good faith belief that in light of the injuries alleged and the remedies sought, it is likely that Plaintiff's claims for relief place more than $75,000 in controversy, exclusive of interest and costs.

28.     In the Complaint, Plaintiff seeks to recover front and back pay among other forms of relief.  *See, e.g.*, Compl. ¶ 49.  If successful in proving his FEHA claims, Plaintiff could be entitled to back pay, front pay, emotional distress damages, punitive damages, and attorneys' fees. *See Olvera v. Quest Diagnostics*, 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019) (identifying available damages under the FEHA).  Plaintiff's claim for lost wages alone based on alleged FEHA violations places more than $75,000 in controversy.  Lost wages are calculated based on the amount the former employee would have received from the time of termination up through trial.  *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 414-15 (9th Cir. 2018).  If a trial date has not been set, as is the case here, courts assessing the removability of an employment case have deemed a year from the date of removal as a conservative estimate for purposes of determining prospective front pay damages. *See Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (citing *Fisher v. HNTB Corporation*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018)).

29.     Plaintiff was employed up to July 22, 2021.   Young Decl. ¶ 3. According to Plaintiff's employment records, during the relevant period of his employment he earned an average weekly base pay rate of $1,201.71 in 2019, an average weekly base pay rate of $843.30 in 2020, and an average weekly base pay rate of $765.09 in 2021.   *Id.*   Plaintiff's yearly total compensation in 2019 was $46,866.63 and in 2020 was $43,851.67.  *Id.*  Between July 22, 2021 and the present, there were approximately 55 weeks.   Thus, even using Plaintiff's lower average weekly base pay rate of $765.09 from 2021, between Plaintiff's termination and the present, Plaintiff's claims place at least **$42,079.95** in controversy ($765.09 /week x 55 weeks).  Once supplemented by the year of front pay California courts include in their amount-in-controversy estimates, Plaintiff's economic damages would increase by at least **$39,784.68** using his 2021 average weekly base pay rate.   Plaintiff's possible back and front pay recovery alone places at least **$81,864.63** in controversy,

1    using the conservative, lower 2019 average weekly base pay rate.

2        30.    Thus, Plaintiff's claims for back and front pay *alone* cause the amount

3    in controversy to exceed $75,000.

4        31.    Plaintiff also alleges emotional distress damages.  Compl., ¶ 50.   In

5    determining  whether  the  jurisdictional  minimum  is  met,  courts  consider  all

6    recoverable damages, including emotional distress damages.  "Emotional distress

7    awards in California for wrongful termination in violation of public policy and

8    discrimination under [FEHA] … can be large relative to the underlying economic

9    damages." *Simpson v. Off. Depot, Inc.*, 2010 WL 11597950, at *3 (C.D. Cal. June

10   21, 2010).  Because emotional distress damages frequently exceed $75,000, it is

11   reasonable to assume that Plaintiff seeks in excess of $75,000 for alleged emotional

12   distress damages alone.  *Hunt v. Wash. State Apple Advert.  Comm'n*, 432 U.S. 333,

13   347–48 (1977), *superseded by statute on other grounds*; *Galt G/S v. JSS Scandinavia*,

14   142 F.3d 1150, 1155–56 (9th Cir. 1998).  Indeed, numerous California Courts have

15   awarded more than $75,000 in emotional distress damages alone.  *See, e.g.*, *Keiffer

16   v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal

17   upheld jury award in excess of $75,000.00 for emotional distress damages); *Satrap

18   v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of

19   $75,000.00 in non-economic damages was upheld); *Ward v. Cadbury Schweppes

20   Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 11, 2011) (awarding a total of

21   $7,550,000 in compensatory damages for emotional distress and physical injuries to

22   six plaintiffs in age discrimination and wrongful termination case); *Welch v. Ivy Hill

23   Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct. Mar. 8, 2011)

24   (awarding $1,270,000 in pain and suffering to employee in age discrimination

25   action).[3]

---

[3] *See also, e.g., EEOC v. Harris Farms, Inc.*, Docket No. 02-CV-06199-AW1-LJ0
(E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in past earnings
and $350,000 in emotional distress damages); *Francies v. Kapla*, 127 Cal. App. 4th
1381 (2005) (finding that wrongfully terminated plaintiff suffered $425,000 in non-

32.     These calculations are exclusive of attorneys' fees, interest, and costs, and do not attribute value to the other claims that Plaintiff alleges in his Complaint. Accordingly, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. section 1332(a).

## IV.     <u>THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED.</u>

33.     Venue lies in the Central District of California pursuant to 28 U.S.C. § 1441(a).  This action was originally brought in the Superior Court of the State of California, County of Los Angeles and arises out of Plaintiff's employment in the County of Los Angeles.  Compl. ¶ 8.  Therefore, this District encompasses the county in which this action has been pending since its inception.

34.     Defendants will promptly serve Plaintiff with this Notice of Removal and will concurrently file a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles, as required under 28 U.S.C. § 1446(d).

## V.     <u>CONCLUSION</u>

35.     If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

36.     By this Notice of Removal and the exhibits and declarations attached hereto, Defendants do not intend to make any admissions of fact, law or liability

---

economic damages, 607% of his $70,000 in economic damages); *Campbell v. Nat'l Passenger R.R. Corp.*, 2010 WL 625362, at *1 (N.D. Cal. Feb. 18, 2010) (awarding $120,000 in non-economic damages); *Astor v. Rent-A-Center*, Docket No: 03AS048644 (Sacramento Cnty. Super. Ct. Aug. 5, 2005) (jury verdict included $250,000 in non-economic damages); *Silverman v. Stuart F. Cooper Inc.,* No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct. July 19, 2013) (awarding $151,333 for emotional distress damages in age discrimination and wrongful termination case); *Aboulafia v. GACN Inc.,* No BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct. Dec. 17, 2013) (pain and suffering awards of at least $250,000 to each of four employees in age discrimination and wrongful termination action).

relating to the claims in the Complaint, and expressly reserve the right to make any and all defenses and motions necessary in their defense against Plaintiff's allegations.

37.    Defendants respectfully request that this action be removed from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California, and that all proceedings hereinafter in this matter take place in the United States District Court for the Central District of California.


 Dated: August 15, 2022                        MORGAN, LEWIS & BOCKIUS LLP


                                               By  */s/ Jason S. Mills*
                                                   JASON S. MILLS
                                                   MIRANDA M. ROWLEY
                                                   Attorneys for Defendants
                                                   Caliber Holdings LLC and Caliber
                                                   Bodyworks LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 43867911.2

14                          NOTICE OF REMOVAL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/12/2022 03:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk
Case 2:22-cv-05779-ODW-E Document 1 Filed 08/15/22 Page 16 of 47 Page ID #:16
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Bruce Iwasaki

Justin Hanassab, [S.B. #319533]
Steven I. Azizi, [S.B. #322719]
**MIRACLE MILE LAW GROUP LLP**
11835 W. Olympic Blvd. Suite 870E
Los Angeles, California 90064
Tel:   (213) 433-3588
Fax:   (888) 224-4132
justin@miraclemilelaw.com
steven@miraclemilelaw.com

Attorneys for Plaintiff:
CRAIG KUYUMJIAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CRAIG KUYUMJIAN, <br><br><br> Plaintiff, <br><br> v. <br><br><br> CALIBER HOLDINGS CORPORATION, a Delaware corporation, CALIBER BODYWORKS, LLC, a California Limited Liability Company, and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No.:   22STCV22506 <br><br> **COMPLAINT FOR:** <br><br> **(1)  DISABILITY DISCRIMINATION IN VIOLATION OF FEHA** <br><br> **(2)  FAILURE TO PROVIDE REASONABLE ACCOMODATION IN VIOLATION OF FEHA** <br><br> **(3)  FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA** <br><br> **(4)  RETALIATION IN VIOLATION OF FEHA** <br><br> **(5)  FAILURE TO PREVENT RETALIATION AND/OR HARASSMENT IN VIOLATION OF FEHA** <br><br> **(6)  CFRA RIGHTS RETALIATION** <br><br> **(7)  WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br><br> **(8)  FAILURE TO PROVIDE TIMELY REST AND MEAL BREAKS** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

PLAINTIFF CRAIG KUYUMJIAN'S COMPLAINT FOR DAMAGES

Plaintiff, CRAIG KUYUMJIAN, a California resident (hereinafter, "Plaintiff" or "Mr. Kuyumjian"), files this Complaint against Defendants Caliber Holding Corporation, a Delaware Corporation ("Caliber Holding"), and Caliber Bodyworks, LLC, a California Limited Liability Company, ("Caliber Bodyworks") (collectively, "Defendants") and demand a trial by jury, avers as follows:

**PARTIES**

1. Plaintiff CRAIG KUYUMJIAN is, and at all relevant times mentioned in this complaint was, a resident of the County of Los Angeles, California.

2. Defendant Caliber Holding is, and at all times mentioned in this Complaint was, a corporation registered under the laws of the State of Delaware with its principal place of business located at 2941 Lake Vista Drive, Lewisville, Texas.

3. Defendant Caliber Bodyworks is, and at all times mentioned in this Complaint was, a limited liability company registered under the laws of the State of California with its principal place of business located at 7 Oldfield Boulevard, Irvine, California.

4. Defendants DOES 1 through 50 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the Defendant, and in taking the actions mentioned below was acting within the course and scope of her authority as such agent, servant, partner, and employee, with the permission and consent of the Defendant. The named Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

5. Each reference in this Complaint to "Defendant" and/or "Defendants" refers to Defendant Caliber Holdings and Defendant Caliber Bodyworks and/or its managers, agents, employees and/or supervisors and also refers to all Doe Defendants.

6. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, partner, joint-employer, alter-ego, joint venture, affiliate, and/or co-conspirator with or of each of the other Defendants named herein  and,

in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein

7.      Plaintiff is informed and believes and thereon alleges that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes and thereon alleges that at all times material hereto Defendants were and are the agents of each other.

### JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over Defendants because Defendants reside and/or regularly transact business in California and because Defendants' obligations and liability arise therein.

9.      Venue is proper in this court and this action is properly filed in the County of Los Angeles because Defendants regularly transact business in the County of Los Angeles, and because Defendants' obligations and liability arise therein. Defendants maintain offices in the County of Los Angeles, regularly transact business there, and have agents, employees and/or supervisors within the County of Los Angeles.

### ADMINISTRATIVE PREREQUISITES

10.      On July 12, 2022, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendants alleging facts upon which this Complaint is based. On July 12, 2022, Plaintiff received an immediate right-to-sue letter from the DFEH. Plaintiff has thus exhausted his administrative prerequisites to filing this civil action.

### FACTS COMMON TO ALL COUNTS

11.      *Plaintiff's hiring*: On or around December 16, 2019, Plaintiff was hired by Defendants as a collision estimator/service advisor for Defendants' Burbank location. Plaintiff's employment lasted until July 22, 2021, when he was wrongfully terminated.

12.      *Plaintiff's job performance:* At all times, Plaintiff performed his job duties in an

2

exemplary manner. Plaintiff was a loyal and devoted employee of Defendants. He fulfilled, and substantially performed, all of his job duties and all terms and conditions of his employment often exceeding expectations. In fact, Plaintiff's job performance was so exceptional that in December 2020, regional manager Rocio Gutierrez ("Mr. Gutierrez") asked to Plaintiff to cover for a manager on leave, despite Plaintiff not holding a manager title.

13.     Plaintiff's job duties consisted of assessing damage to vehicles and facilitating repair of those vehicles through insurance providers. Throughout his employment, Plaintiff earned approximately $25.00 per hour and his regular working hours were 40 hours per week, however the number of hours he worked varied during the pandemic. Plaintiff's compensation was also based on various performance metrics including the value of the work he estimated.

14.     Throughout the duration of his employment with Defendants, Plaintiff was never provided with rest breaks and routinely worked through his lunch breaks.

15.     On or around January 2021, Plaintiff told his supervisor at the time, Gordon Emmerson, that he was going to need oral surgery to fix a severe medical condition afflicting his jaw.

16.     On or around February 15, 2021, Reynaldo Solis Jr. ("Mr. Solis Jr.") became Plaintiff's new supervisor.

17.     On or around March 2021, Plaintiff told to informed Mr. Solis, Jr. that he would need to take at least one (1) month off work to recovery from surgery.

18.     On or around early April 2021, Plaintiff's surgery was scheduled for May 5, 2021. Plaintiff provided Mr. Solis Jr. a copy of a medical note placing him off work throughout May and June 3, 2021.

19.     Throughout the month of April, Plaintiff periodically reminded Mr. Solis, Jr. that he was going to start his medical leave soon.

20.     On or around May 4, 2021, Plaintiff began his medical leave.

21.     While on medical leave, Plaintiff provided Defendants and Mr. Solis Jr. with updates on his medical condition.

22.     On or around June 3, 2021, Mr. Solis Jr. asked Plaintiff if he was going to come to

3

work. Plaintiff responded that he was still recovering from his surgery, and he would get a return-to-work date soon. In response, Mr. Solis threatened Plaintiff stating: "*Your job security was protected until today.*"

23.     In response, Plaintiff informed Mr. Solis Jr. that he had already spoken with Human Resources about the issue. Rather than express concern for Plaintiff's wellbeing, Mr. Solis Jr. responded: "*have they provided you with the return date? So I know how to coordinate getting the help needed.*" Plaintiff also informed Mr. Solis Jr. that his leave had been extended to June 21, 2021 and provided Defendants a letter from his medical provider extending his leave.

24.     On or around June 16, 2021, Defendants informed Plaintiff that his medical leave had ended on June 3, 2021 and requested Plaintiff complete a medical leave certification form.

25.     On or around June 18, 2021, Plaintiff completed the requested forms, provided Defendants a copy of a medical note extending his medical leave to July 5, 2021, and told Mr. Solis Jr. that his medical leave had been extended.

26.     On or around July 6, 2021, Plaintiff returned to work and found that his computer access had been revoked preventing him from doing any work. Plaintiff promptly informed Mr. Solis Jr. that he could not work because he had no computer access. However, Mr. Solis Jr. denied having any knowledge as to Plaintiff's computer access and sent Plaintiff home for the day.

27.     Later that night, Plaintiff asked Mr. Solis Jr. if his computer access had been restored so he could return to work. Mr. Solis Jr. responded that his computer access had not been restored and he would call Plaintiff the next morning.

28.     On July 7, 2021, Plaintiff texted Mr. Solis Jr. to find the status of his return but received no response. However, Plaintiff received a call from Mr. Gutierrez who informed him he had been transferred to a Defendants' Van Nuys location.

29.     Shortly after his transfer to Van Nuys, Plaintiff realized that his new supervisor Reynaldo Solis, Sr. ("Mr. Solis Sr."), his previous supervisor's father, had assigned him all the low value vehicles while the other collision estimators had been assigned regular value vehicles. Consequently, Plaintiff's performance metrics would reflect a lower value of work, negatively impacting Plaintiff's pay.

PLAINTIFF CRAIG KUYUMJIAN'S COMPLAINT FOR DAMAGES

30.     When Plaintiff brought this to Mr. Solis Sr.'s attention, he simply laughed and said, "I guess you're right." Mr. Solis Sr. continued to assign Plaintiff low value vehicles.

31.     On or around July 20, 2021, Plaintiff wrote an estimate for a vehicle using the normal process and calculation tools provided by a particular insurance provider. Plaintiff then sent the appropriate paperwork to the insurance provider, got approval from the client to start the repair of the vehicle, and initiated the process to begin the repair.

32.     On or around July 22, 2021, Defendants abruptly terminated Plaintiff's employment, falsely accusing him of failing to follow proper guidelines while processing the estimate Plaintiff made on July 20, 2021. However, the real reason Plaintiff was terminated was because of his disability and requests for medical leave/reasonable accommodation.

33.     *Economic damages*: As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

34.     *Non-economic damages*: As a consequence of Defendant's conduct, Plaintiff has suffered and will suffer non-economic damages including but not limited to, mental and emotional distress, anxiety, fatigue, depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and mental pain and anguish.

35.     *Punitive damages*: Defendant's conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

36.     *Malice*: Defendant's conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendant acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by discriminating against Plaintiff on the basis of his disability; terminating Plaintiff's employment and taking other adverse job actions against Plaintiff on pretextual grounds, and/or (b) Defendant's conduct was

5

despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation and wrongful employment termination.

37.     *Oppression*: In addition, and/or alternatively, Defendant's conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendant's actions against Plaintiff because of his disability were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free of discrimination, harassment, retaliation and wrongful employment termination.

38.     *Fraud:* In addition, and/or alternatively, Defendants' conduct as alleged was fraudulent within the meaning of California Civil Code section 3294, including that Defendant asserted false grounds for constructively terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprivation of his legal rights.

39.     *Attorneys' Fees*: Due to the acts of Defendants, Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

**(Cal. Gov. Code §12940(a))**

(Against All Defendants)

40.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

41.     Under the FEHA, it is unlawful for an employer to discriminate against an employee on the basis of the employee's disability and/or medical condition. Cal. Gov't Code § 12940(a).

42.     At all relevant times, Defendant was an employer within the meaning of FEHA, and as such, was barred from discriminating and retaliating against employees on the basis of a physical or mental disability. Cal. Gov't. Code § 12940. Defendant was also required to take all reasonable steps to prevent discrimination from occurring, as set forth in Government code sections 12940 *et seq*.

43.     At all relevant times, Plaintiff suffered from a disability and/or serious medical

6

condition, as defined by FEHA, and subsequent related disabilities, which affected his physical capacity, and that limited his major life activities. Plaintiff is protected from discrimination and retaliation based on his disability and/or medical conditions.

44.     At all relevant times, Defendants were aware that Plaintiff suffered from a disability and/or medical condition because Plaintiff specifically reported said disability and/or medical condition directly to Defendants via Defendants' supervisors, managing agents, and/or HR.

45.     At all relevant times, Plaintiff was able to perform the essential duties of his job with reasonable accommodations.

46.     Defendants discriminated and retaliated against Plaintiff in violation of FEHA by committing unlawful adverse employment practices including, but not limited to the following: subjecting Plaintiff to excessive scrutiny of work performance, and additional discipline which other employees were not subjected to; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; changing Plaintiff's job duties; reducing Plaintiff's pay; failing to engage in a good faith interactive process to determine reasonable accommodations that would allow Plaintiff to accomplish the essential functions of his job; failing to remedy or prevent discrimination, harassment and retaliation; and wrongfully terminating Plaintiff's employment in violation of public policy.

47.     Plaintiff is informed and believes, and thereon alleges that Plaintiff's disability/medical condition was a substantial motivating reason for Defendants' decision to discharge Plaintiff.

48.     Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

49.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

50.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for mental and emotional distress, anxiety, fatigue,

PLAINTIFF CRAIG KUYUMJIAN'S COMPLAINT FOR DAMAGES

depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and mental pain and anguish, in an amount according to proof at the time of trial.

51.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

52.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### IN VIOLATION OF FEHA

### (Cal. Gov't Code § 12940(m))

(Against All Defendants)

53.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

54.     At all times herein mentioned, FEHA, Government Code section 12940(m) was in full force and effect and was binding on Defendant. This statute requires Defendant to provide reasonable accommodations to known disabled employees.

55.     Defendants failed to provide reasonable accommodation for Plaintiff's disability and/or medical conditions including but not limited to, by refusing to grant Plaintiff's reasonable accommodations, threatening Plaintiff's employment during his medical leave, reducing Plaintiff's role upon his return to work, providing Plaintiff with unjustified criticism, changing Plaintiff's job duties, reducing Plaintiff's pay, and terminating his employment for pretextual reasons.

56.     At all relevant times, Plaintiff was able to perform the essential duties of his position, or a vacant alternative position to which he could have been reassigned, with reasonable

8

accommodations for his disability and/or medical condition.

57.     Defendants failed to provide reasonable accommodation for Plaintiff's disability and/or medical condition despite requests for accommodation by Plaintiff. Instead, Defendants terminated Plaintiff's employment at least in part due to his disability and his requests for accommodations.

58.     Defendants' failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

59.     Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

60.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

61.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for mental and emotional distress, anxiety, fatigue, depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and mental pain and anguish, in an amount according to proof at the time of trial.

62.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

63.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

//

//

PLAINTIFF CRAIG KUYUMJIAN'S COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA**

**(Cal. Gov't Code § 12940(n))**

(Against All Defendants)

64.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

65.     At all times herein mentioned, FEHA, Government Code section 12940(n), was in full force and effect and was binding on Defendants. This statute requires employers to engage in a timely, good faith, interactive process to determine reasonable accommodation for an employee with a known physical disability or known medical condition. Cal. Gov't Code § 12940(n).

66.     At all relevant times, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made to enable him to perform the essential functions of his job.

67.     Defendants wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate his known disability. Instead, Defendants refused to reasonably accommodate Plaintiff and wrongfully terminated his employment in part because of his disability.

68.     Defendants' failure to engage in a good faith interactive process was a substantial factor in causing Plaintiff's harm.

69.     Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

70.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

71.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for mental and emotional distress, anxiety, fatigue, depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and

10

mental pain and anguish, in an amount according to proof at the time of trial.

72.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

73.    The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Cal. Gov. Code §12940(h))

(Against All Defendants)

74.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

75.    The FEHA makes it unlawful for an employer to retaliate against an employee for opposing any practices forbidden under California Gov't. Code sections 12900 through 12966 or because the employee has filed a complaint, testified, or assisted in any proceedings under the FEHA. Cal. Gov't Code §12940(h). The FEHA also makes it unlawful to retaliate or otherwise discriminate against an employee for requesting an accommodation for a disability, regardless of whether the request was granted. Cal. Gov't Code §12940(m)(2).

76.    Plaintiff engaged in legally protected behavior on multiple occasions, including but not limited to, when he requested reasonable accommodations for his disability and/or serious medical condition, and, when he took CFRA medical leave to address his disability and/or serious medical conditions.

77.    Plaintiff is informed and believes and thereon alleges that as a consequence of his engaging in legally protected activity, Defendants retaliated against Plaintiff by, among other things, subjecting Plaintiff to excessive scrutiny of work performance, and additional discipline

11

which other employees were not subjected to; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; changing Plaintiff's job duties; reducing Plaintiff's pay; failing to engage in a good faith interactive process to determine reasonable accommodations that would allow Plaintiff to accomplish the essential functions of his job; failing to remedy or prevent discrimination, harassment and retaliation; and wrongfully terminating Plaintiff's employment in violation of public policy.

78.   Plaintiff's protected activity was a substantial motivating reason for Defendants' adverse employment actions including but not limited to the wrongful termination of his employment.

79.   Defendant's retaliatory conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

80.   Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

81.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

82.   As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for mental and emotional distress, anxiety, fatigue, depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and mental pain and anguish, in an amount according to proof at the time of trial.

83.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq*.

84.   The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in

1   reckless disregard of Plaintiff's rights. Such acts were deliberate, intentional, despicable in

2   character and warrant the imposition of punitive damages within the meaning of California Civil

3   Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

4                              **FIFTH CAUSE OF ACTION**

5       **FAILURE TO PREVENT RETALIATION, DISCRIMINATION AND/OR**

6                  **HARASSMENT IN VIOLATION OF FEHA**

7                          **(Cal. Gov. Code §12940(k))**

8                            (Against All Defendants)

9       85.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

10   all preceding paragraphs of this Complaint.

11      86.    Under the FEHA, Defendant was required to take all reasonable steps to prevent

12   discrimination and harassment from occurring, as set forth in Gov't. Code sections 12940 *et seq*.

13      87.    As explained herein, Plaintiff was subjected to harassment, discrimination and

14   retaliation in the course of his employment with Defendants. Defendants' unlawful conduct was a

15   substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants'

16   conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

17      88.    Defendants violated FEHA with regard to Plaintiff when Defendants failed to take

18   all reasonable steps necessary to investigate and prevent unlawful discrimination and harassment

19   from occurring, and to remedy such discrimination.

20      89.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and

21   continues to suffer substantial losses in wages, benefits, career path opportunities, and other out of

22   pocket expenses in an amount according to proof at the time of trial.

23      90.    As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has

24   also suffered and/or incurred general damages for mental and emotional distress, anxiety, fatigue,

25   depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness

26   and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and

27   mental pain and anguish, in an amount according to proof at the time of trial.

28      91.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount

13

PLAINTIFF CRAIG KUYUMJIAN'S COMPLAINT FOR DAMAGES

1  according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't.

2  Code section 12900 et seq.

3       92.    The above-described actions were perpetrated and/or ratified by managing agents,

4  officers or directors of all the Defendants. These acts were done with malice, fraud, oppression,

5  and in reckless disregard of Plaintiff's rights, including that Defendants asserted false (pretextual)

6  grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant

7  the imposition of punitive damages within the meaning of California Civil Code section 3294 and

8  in a sum sufficient to punish and deter Defendants' future conduct.

9                    **SIXTH CAUSE OF ACTION**

10                **CFRA RIGHTS RETALIATION IN VIOLATION**

11                    **(Cal. Gov. Code §12945.2(*l*))**

12                    (Against All Defendants)

13       93.    Plaintiff re-alleges and incorporates by reference the matters alleged in the foregoing

14  paragraphs of this Complaint as if fully set forth herein.

15       94.    The California Family Rights Act ("CFRA") is a portion of FEHA that provides

16  protections to employees needing family leave or medical leave. CFRA provides that it shall be an

17  unlawful employment practice for any employer "to refuse to grant a request by any employee with

18  more than 12 months of service with the employer, and who has at least 1,250 hours of service with

19  the employer during the previous 12-month period, to take up to a total of 12 workweeks in any

20  12-month period for family care and medical leave." Cal. Gov't. Code § 12945.2(a), (t).

21       95.    At all relevant times, Defendants were employers covered by CFRA and was

22  prohibited from discrimination and retaliation in employment on the basis of an employee taking

23  protected leave, and interference with an employee's right to take such a leave.

24       96.    At all relevant times, Plaintiff was eligible for medical leave pursuant to FEHA

25  and/or CFRA. Plaintiff was an employee of Defendants. Defendants employed 50 or more

26  employees.

27       97.    Plaintiff engaged in legally protected behavior when he requested and exercised his

28  right to take medical leave for a qualifying CFRA purpose by requested accommodations to

14

facilitate his recovery from the severe medical conditions which were afflicting him following his oral surgery.

98.     Plaintiff provided reasonable notice to Defendants of his need for accommodations including its expected time and duration.

99.     Plaintiff is informed and believes and thereon alleges that as a consequence of his engaging in legally protected activity. Defendants subjected Plaintiff to adverse employment action(s), including but not limited to subjecting Plaintiff to excessive scrutiny of work performance, and additional discipline which other employees were not subjected to; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; changing Plaintiff's job duties; reducing Plaintiff's pay; failing to engage in a good faith interactive process to determine reasonable accommodations that would allow Plaintiff to accomplish the essential functions of his job; failing to remedy or prevent discrimination, harassment and retaliation; and wrongfully terminating Plaintiff's employment in violation of public policy.

100.     Plaintiff's request for accommodations and medical leave were a substantial motivating reason for Defendants' decision to take adverse employment action(s) against Plaintiff.

101.     Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

102.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

103.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for mental and emotional distress, anxiety, fatigue, depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and mental pain and anguish, in an amount according to proof at the time of trial.

104.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't.

Code section 12900 *et seq.*

105.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendant's future conduct.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION PUBLIC POLICY

(Against All Defendants)

106.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

107.     Plaintiff's employment was terminated for pretextual reasons and as a result of Defendants' violation of fundamental public policies. It is against fundamental California public policy to discriminate against, harass, and/or retaliate against an employee on the basis of the employee's disability and/or serious medical condition; to refuse to accommodate a disabled employee; and to retaliate against an employee after taking CFRA leave.

108.     Plaintiff's disability and his requests for reasonable accommodations, his taking of CFRA leave, among other things, were substantial motivating reasons for Plaintiff's termination.

109.     Defendants' unlawful conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

110.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, benefits, career path opportunities, and other out of pocket expenses in an amount according to proof at the time of trial.

111.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for mental and emotional distress, anxiety, fatigue, depression, headaches, loss of sleep, trouble breathing, loss of appetite, feelings of hopelessness and detachment, mood swings, irritability, humiliation, flashbacks, grief, feelings of suicide, and

mental pain and anguish, in an amount according to proof at the time of trial.

112.   The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of all the Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendants' asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE TIMELY MEAL AND REST BREAKS

### (California Labor Code §§ 226.7 & 512)

(Against All Defendants)

113.   Plaintiff re-alleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

114.   Labor Code section 226.7, subdivision (a), states that "[n]o employer shall require any employee to work during any meal period…" Labor Code section 226.7, subdivision (b) states that "[i]f an employer fails to provide an employee a meal break or rest period…the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Labor Code section 512 states that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except if the total work period per day of the employee is no more than six hours…An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours…"

115.   Throughout Plaintiff's employment between 2019 and 2021, Plaintiff was routinely denied lawful rest and meal periods by Defendants as required by Labor Code sections 226.7 and 512.

116.   Throughout Plaintiff's employment between 2019 and 2021, Defendants frequently

17

and willfully denied Plaintiff paid ten (10) minute rest periods every four (4) hours of work for shifts lasting more than three and a half (3.5) hours.

117.   As a result, Plaintiff regularly worked in excess of three an half (3.5) hours a day without being afforded a rest period of at least ten (10) minutes in which he was relieved of all duties, as required by Labor Code sections 226.7 and 512.

118.   Between 2019 and 2021, Defendants frequently and willfully denied Plaintiff unpaid off-duty 30-minute meal periods within the first five (5) hours of work for shifts lasting more than six (6) hours.

119.   As a result, Plaintiff regularly worked in excess of five (5) hours a day without being afforded a meal period of at least one half-hour each in which she was relieved of all duties, as required by Labor Code sections 226.7 and 512.

120.   Plaintiff is owed compensation, restitution or other relief for each day a lawful rest period was not provided, in the form of an additional hour's pay for each day a lawful rest period was not provided through the trial date, pursuant to Labor Code section 226.7.

121.   As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of the Court. Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees and costs of suit.

PLAINTIFF CRAIG KUYUMJIAN'S COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For general and special damages according to proof;

2.     For pre-judgment and post-judgment interest on all damages awarded;

3.     For exemplary and punitive damages in an amount according to proof;

4.     For reasonable attorneys' fees;

5.     For costs of suit incurred;

6.     For all civil penalties as permitted by law;

7.     For medical expenses and related items of expense, according to proof;

8.     For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055)

Dated:   July 12, 2022                         MIRACLE MILE LAW GROUP, LLP

By: _____
Justin Hanassab, Esq.
Steven I. Azizi, Esq.
Attorneys for Plaintiff,
CRAIG KUYUMJIAN

1

PLAINTIFF CRAIG KUYUMJIAN'S COMPLAINT FOR DAMAGES

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2022 04:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

Case 2:22-cv-05779-ODW-E   Document 1   Filed 08/15/22   Page 37 of 47   Page ID #:37

1    MORGAN, LEWIS & BOCKIUS LLP
     Jason S. Mills, Bar No. 225126
2    300 South Grand Avenue
     Twenty-Second Floor
3    Los Angeles, CA  90071-3132
     Tel:     +1.213.612.2500
4    Fax:     +1.213.612.2501
     jason.mills@morganlewis.com
5
     MORGAN, LEWIS & BOCKIUS LLP
6    Miranda M. Rowley, Bar No. 328173
     One Market, Spear Street Tower
7    San Francisco, CA 94105-1596
     Tel: +1.415.442.1000
8    Fax: +1.415.442.1001
     miranda.rowley@morganlewis.com
9
10   Attorneys for Defendants
     CALIBER HOLDINGS LLC and CALIBER
11   BODYWORKS LLC

12                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13            **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

14

15   CRAIG KUYUMJIAN, an individual,              Case No. 22STCV22506

16        Plaintiff,

17   vs.                                          **DEFENDANTS CALIBER HOLDINGS
                                                  LLC AND CALIBER BODYWORKS
18   CORPORATION, a Delaware Corporation          LLC'S ANSWER TO PLAINTIFF'S**
     CALIBER BODYWORKS, LLC, a California         **COMPLAINT**
19   Limited Liability Company; CALIBER
     HOLDINGS; and DOES 1 THROUGH 50,
20   inclusive,                                   Complaint Filed: July 12, 2022

21               Defendants.

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   COSTA MESA
                         DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
DB2/ 43870782.2

Defendants Caliber Holdings LLC f/k/a Caliber Holdings Corporation ("Caliber") and Caliber Bodyworks LLC[1] (collectively, "Defendants") by and through their undersigned counsel, hereby answer the allegations contained in the unverified Complaint ("Complaint") of Plaintiff Craig Kuyumjian ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation in the Complaint.  Defendants further deny, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any alleged act or omission, or any other conduct or absence thereof on the part of Defendants, or any of their past or present agents, representatives, or employees, acting in the course and scope of their employment.

## **DEFENSES**

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparations for trial.  The defenses stated below are based on Defendants' knowledge, information, and belief at this time.  Defendants specifically reserve the right to modify, amend, or supplement any defense at any time.  Defendants also assert the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them and pray for judgment as set forth below:

## **FIRST DEFENSE**

### **(Failure to State a Cause of Action)**

1.     Plaintiff is barred from recovery because the Complaint and each and every cause of action contained therein fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

---

[1] Plaintiff erroneously asserts that "Caliber Bodyworks, [*sic*] LLC" was Plaintiff's employer. Caliber Bodyworks LLC was not Plaintiff's employer, and thus, is not a proper party defendant in this action. Instead, Plaintiff was employed only by Defendant Caliber Holdings LLC f/k/a Caliber Holdings Corporation ("Caliber").  However, to the extent that Caliber Bodyworks LLC becomes or is deemed to be an appropriate party to this suit, or to the extent necessary and appropriate, Caliber Bodyworks LLC adopts all of Caliber's pleadings in this action, including this Answer.

1    **SECOND DEFENSE**

2    **(Statute of Limitations)**

3        2.      Plaintiff's claims are barred in whole or in part by any and all applicable statutes of

4    limitations, including but not limited to, California Government Code § 12965(b), California Code

5    of Civil Procedure sections 335.1, 338, and 340, and 343.

6    **THIRD DEFENSE**

7    **(Misjoinder of Parties/Not the Employer)**

8        3.      Plaintiff's claims are barred in whole or in part against named Defendant Caliber

9    Bodyworks LLC because this entity at no time employed Plaintiff and therefore Plaintiff is not

10   entitled to any relief against Caliber Bodyworks LLC.

11   **FOURTH DEFENSE**

12   **(Subject Matter Jurisdiction/Venue)**

13       4.      Defendant asserts that this Court lacks subject matter jurisdiction over this matter

14   and that this Court is not the proper venue.

15   **FIFTH DEFENSE**

16   **(Arbitration)**

17       5.      The Complaint is barred because Plaintiff is contractually bound to arbitrate his

18   claims against Defendants.

19   **SIXTH DEFENSE**

20   **(Failure to Exhaust Internal/Administrative Remedies)**

21       6.      Plaintiff's Complaint and the causes of action therein are barred, in whole or in part,

22   by a failure to exhaust internal and/or administrative remedies by filing a timely Charge with the

23   California Department of Fair Employment and Housing ("DFEH") or the United States Equal

24   Employment Opportunity Commission ("EEOC").

25   **SEVENTH DEFENSE**

26   **(Exceeds Scope of Administrative Charge)**

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 43870782.2

- 3 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

7.     Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA") are barred to the extent that Plaintiff's allegations exceed the scope of any charges or complaints of discrimination, harassment, or retaliation Plaintiff filed with the EEOC and/or the DFEH.

**EIGHTH DEFENSE**

**(Undue Hardship/Requested Accommodation Unreasonable)**

8.     To the extent that Plaintiff requested any accommodation for his alleged disability beyond that which Caliber provided, Plaintiff's requested accommodation was unreasonable or otherwise would impose an undue burden on Caliber.

**NINTH DEFENSE**

**(Plaintiff Failed To Initiate or Engage in Interactive Process)**

9.     Plaintiff failed to adequately notify Caliber of his alleged disability, initiate an interactive process, or otherwise to participate in good faith in an interactive process to identify a reasonable accommodation that would not cause an undue hardship on Caliber's business operations.

**TENTH DEFENSE**

**(After-Acquired Evidence)**

10.     To the extent that Defendants acquire any evidence of wrongdoing by Plaintiff during the course of this litigation, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiff can recover on his claims, assuming arguendo, Plaintiff is able to establish liability.

**ELEVENTH DEFENSE**

**(Workers' Compensation Preemption)**

11.     Defendants allege that the Complaint and each purported cause of action set forth therein seeking damages for alleged emotional and/or physical injury and/or distress are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, codified at California Labor Code Section 3600 *et seq.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 43870782.2

1

## TWELFTH DEFENSE

2

### (Unclean Hands)

3    12.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands to

4  the extent Plaintiff's alleged damages were caused by Plaintiff's own actions and/or inaction.

5

## THIRTEENTH DEFENSE

6

### (At-Will Employment)

7    13.    Plaintiff's Complaint and the causes of action therein are barred, in whole or in part,

8  by the at-will employment doctrine.

9

## FOURTEENTH DEFENSE

10

### (Punitive Damages Unavailable)

11    14.    Plaintiff's Complaint fails to state facts sufficient to support any claim for punitive

12  damages.

13

## FIFTEENTH DEFENSE

14

### (Unconstitutional Punitive Damages)

15    15.    An award of punitive damages would be an unconstitutional denial of Defendants'

16  right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the

17  United States Constitution and Articles I and IV of the California Constitution.

18

## SIXTEENTH DEFENSE

19

### (Excessive Fine)

20    16.    An award of penalties or punitive damages under the circumstances of this case

21  would constitute an excessive fine and otherwise would be in violation of Defendants' due process

22  and other rights under the United States and California Constitutions.

23

## SEVENTEENTH DEFENSE

24

### (Same Decision/Mixed Motive)

25    17.    Plaintiff's Complaint and the causes of action therein are barred, in whole or in part,

26  because to the extent discrimination was a motivating factor in the decisions affecting Plaintiff

27  (which Caliber denies), legitimate reasons (standing alone) would have induced Caliber to make

28  the same decisions.

**EIGHTEENTH DEFENSE**

**(Just and Proper Exercise of Managerial Discretion)**

18.     Plaintiff's Complaint and the causes of action therein are barred, in whole or in part, because Caliber's actions were a just and proper exercise of management discretion and business judgment, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

**NINETEENTH DEFENSE**

**(Legitimate Business Reasons)**

19.     Plaintiff's Complaint and the causes of action therein are barred, in whole or in part, because Caliber had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made solely for legitimate, business-related reasons and were reasonably based upon the facts as Caliber understood them.

**TWENTIETH DEFENSE**

**(Waiver/Release)**

20.     Plaintiff's claims are barred in whole or in part to the extent such claims have been waived, discharged, abandoned, and/or released.

**TWENTY-FIRST DEFENSE**

**(Meal Period Waiver)**

21.     Caliber provided Plaintiff opportunity to take full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of the fifth hour of work.  On occasion, at his election and not at the direction of Caliber, Plaintiff did not take this opportunity and instead worked during all or a portion of his provided meal break.  On other occasions, at his election and not at the direction of Caliber, Plaintiff did not take the opportunity for a meal break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the day.

**TWENTY-SECOND DEFENSE**

**(Res Judicata/Collateral Estoppel)**

22.     The claims of Plaintiff are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**TWENTY-THIRD DEFENSE**

**(Good Faith Reliance)**

23.     Plaintiff's claims are barred to the extent Caliber acted in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency.

**TWENTY-FOURTH DEFENSE**

**(Avoidable Consequences)**

24.     The Complaint and each claim alleged are barred, or recovery reduced, because:  (a) Caliber took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective measures that Caliber provided; and (c) reasonable use of Caliber's procedures would have prevented at least some of the harm that Plaintiff and/or any of the current and former employees sought to be represented allegedly suffered.

**TWENTY-FIFTH DEFENSE**

**(Failure to Mitigate)**

25.     Plaintiff's Complaint and the causes of action therein are barred, in whole or in part, to the extent he has not appropriately or adequately mitigated his alleged damages, if any.

**TWENTY-SIXTH DEFENSE**

**(Estoppel)**

26.     The claims of Plaintiff are barred in whole or in part by the doctrine of estoppel.

**TWENTY-SEVENTH DEFENSE**

**(Setoff and Recoupment)**

27.     If any damages have been sustained by Plaintiff, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 43870782.2

- 7 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1

## TWENTY-EIGHTH DEFENSE

2

### (Accord and Satisfaction)

3      28.     The claims of Plaintiff are barred in whole or in part by the principles of accord,

4   satisfaction, and payment.

5

## TWENTY-NINTH DEFENSE

6

### (No Willful Violation)

7      29.     As a separate affirmative defense to Plaintiff's Eighth cause of action, Caliber

8   contends that if Caliber is found to have failed to pay any amount due to, which Caliber denies,

9   Caliber acted at all times on the basis of a good faith and reasonable belief that it had complied

10  fully with its obligation to pay Plaintiff all wages due.  Consequently, Caliber's conduct was not

11  willful within the meaning of Section 203 of the California Labor Code.

12

## THIRTIETH DEFENSE

13

### (Unjust, Arbitrary, and Oppressive, or Confiscatory Penalties)

14     30.     As a separate affirmative defense to Plaintiff's Eighth cause of action, Plaintiff is

15  not entitled to recover any civil penalties because, under the circumstances of this case, such

16  recovery would be unjust, arbitrary, and oppressive, or confiscatory, within the meaning of

17  California Labor Code section 2699, as amended by Senate Bill 1809.

18

## THIRTY-FIRST DEFENSE

19

### (Excessive Fines)

20     31.     Plaintiff's Eighth cause of action is barred in whole or in part, to the extent that

21  Plaintiff seeks to recover civil penalties that are disproportionate to the actual harm suffered, if any,

22  including but not limited to civil penalties under Labor Code 226(e), an award of civil penalties

23  under the circumstances of this case would constitute an excessive fine and otherwise would be in

24  violation of Caliber's due process and other rights under the United States and California

25  Constitutions.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 43870782.2

- 8 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTY-SECOND DEFENSE

### (Ultra Vires)

32.     Plaintiff's Complaint and the causes of action therein are barred, in whole or in part, because, to the extent that any of Caliber's employees or agents engaged in any unlawful act or omission, which unlawful act or omission Caliber expressly denies, any such actionable act or omission would have been committed by individuals acting *ultra vires* because, among other things, Caliber did not ratify or adopt the conduct of such employees or agents.

## THIRTY-THIRD DEFENSE

### (Additional Defenses)

33.     Defendants are informed and believe that they may have additional defenses available.  Defendants reserve the right to assert additional defenses after facts supporting those defenses are obtained.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by reason of his Complaint;

2.     That the Complaint herein be dismissed in its entirety with prejudice;

3.     That judgment be entered against Plaintiff and in favor of Defendants on all claims contained in the Complaint;

4.     That Defendants be awarded reasonable costs and attorneys' fees incurred by this action pursuant to Labor Code section 218.5 and any other applicable laws; and

5.     For such other and further relief as the Court deems just and proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 9 -

DB2/ 43870782.2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1

Dated: August 11, 2022

MORGAN, LEWIS & BOCKIUS LLP

2

3

By

4

JASON S. MILLS
MIRANDA M. ROWLEY
Attorneys for Defendants
Caliber Holdings LLC and Caliber
Bodyworks LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 10 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I, Joseph Ding, declare:

I am a citizen of the United States and employed in Santa Clara County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 1400 Page Mill Road, Palo Alto, CA  94304.  On August 11, 2022, I served a copy of the within document(s):

**DEFENDANTS CALIBER HOLDINGS LLC AND CALIBER BODYWORKS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☒  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Justin Hanassab                                          *Attorneys for Plaintiff*
Steven I. Azizi
MIRACLE MILE LAW GROUP LLP
11835 W. Olympic Blvd. Suite 870 E.
Los Angeles, CA 90064
justin@miraclemilelaw.com
steven@miraclemilelaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 11, 2022, at Palo Alto, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Joseph Ding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY